IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02520-NRN

MAURICIO RODRIGUEZ ESCOBAR,

      Petitioner,

v.

JUAN BALTAZAR, Warden of Denver Contract Detention Facility, Aurora, CO;
ROBERT HAGAN, Field Office Director of the Denver Field Office, U.S. Immigration and Customs Enforcement;
TODD M. LYONS, Acting ICE Director;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and
TODD BLANCHE, Acting U.S. Attorney General, in his official capacity,

      Respondents.

---

## ORDER

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court on Mauricio Rodriguez Escobar's ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). ECF No. 1. Petitioner is a detainee at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 2. He contends that the Respondents are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, he says, 8 U.S.C. § 1226(a) governs his detention. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS** the Petition as follows.

## BACKGROUND

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond

hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g.*, *Rivera v. Valdez*, No. 26-cv-01765-NRN, 2026 WL 1224072 (D. Colo. May 5, 2026); *Martinez v. Baltazar,* No. 26-cv-01313-NRN, 2026 WL 925537 (D. Colo. Apr. 6, 2026); *Olivas v. Baltazar*, No. 26-cv-00777-NRN, 2026 WL 672897 (D. Colo. Mar. 10, 2026), *Vasquez Gomez v. Bondi*, No. 26-cv-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-2 PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025).

Petitioner is a 63-year-old Venezuelan national who came to the United States from Cuba on November 17, 2021. Upon arrival, Petitioner was released on an Order of Release on Recognizance. ECF No. 1 at 5. Petitioner has since been living in the United States, with his family in Hialeah, Florida. *Id.* On or about May 20, 2026, Immigrations and Customs Enforcement ("ICE") detained Petitioner. He has been in custody since without a bond hearing. *Id.*

Petitioner argues that his detention violates his due process rights and the Immigration and Nationality Act ("INA"). He asks that he either be released from custody or granted a bond hearing within seven days. *Id.* at 24.

Respondents maintain that Petitioner is subject to mandatory detention under § 1225(b). Respondents' statutory interpretation has been rejected by this Court as well as almost every other judge in this District. *See Vasquez Gomez*, 2026 WL 482677, at *2; *Jimenez Facio*, 2025 WL 3559128, at *2 (recognizing that "every decision in this District addressing the issue" has determined that § 1225(b)(2)(A) does not apply to persons, like Petitioner, who have already been residing in the United States for years). Indeed, Respondents concede

> that until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

ECF No. 10 at 3–4.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). To meet that burden, Petitioner argues, in part, that 8 U.S.C. § 1226(a) applies to him; "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination); and that he has received no such hearing.

3

As this Court and others in this District have repeatedly found in similar cases, Petitioner has met his burden showing that his continued detention without a bond hearing is unlawful. *See Diaz Marquez*, 2026 WL 370864, at *1 ("The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases."). Accordingly, the Court finds that Petitioner has a statutory right to a bond hearing that has not been provided, in violation of Petitioner's Fifth Amendment substantive due process rights, *see Jimenez Facio*, 2025 WL 3559128, at *3 ("Resolution of the due-process question may be unnecessary[,] . . . [b]ut to the extent it is, 'the Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation.'") (quoting *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sept. 16, 2025)); and the INA, *see Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *6 (D. Colo. Jan. 14, 2026) ("The Court joins its colleagues in this District and those courts across the country that have concluded Respondents' interpretation of § 1225(b)(2)(A) is contrary to the INA's plain text. As a consequence, the Court also concludes that Garcia Abanil's detention pursuant to § 1225(b)(2)(A) violates the INA, and that he is instead properly considered to be detained under § 1226(a).").

In support of their position, Respondents reference the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026), and the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. Mar. 25, 2026). Respondents accurately note that the Court has repeatedly rejected any reliance on these courts' interpretation of the statute. *See, e.g., Solis-Gutierrez v. Mullin*, No. 26-cv-

4

01287-NRN, 2026 WL 925535, at *2 (D. Colo. Apr. 6, 2026). The Court also acknowledges that in recent decision, Chief Judge Daniel D. Domenico found that the petitioner was subject to mandatory detention under § 1225(b)(2)(A). *See Singh v. Blanche*, No. 26-cv-00421-DDD-KAS, ECF No. 12 (D. Colo. Apr. 15, 2026). However, the Court finds that Respondents have "present[ed] no argument for why these non-binding decisions require the Court to reverse itself on this legal question." *Gregorio Martinez Torres v. Bondi*, No. 26-cv-01062-CYC, 2026 WL 860425, at *1 (D. Colo. Mar. 30, 2026). Moreover, the Court notes that the Second and Sixth Circuits have forcefully rejected Respondents' position. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. Apr. 28, 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. May 11, 2026). Given that "over ninety percent of district court judges have sided with Petitioner," *Barbosa da Cunha*, 175 F.4th at 71, the Court finds no reason to reverse itself here.

## REMEDY

The Government submits that, if the Court agrees with Petitioner and determines he is detained under § 1226(a), "the appropriate relief is for the Court to direct that a bond hearing be conducted pursuant to § 1226(a) before an immigration judge." ECF No. 10 at 4. The Court disagrees.

As recently put by one district judge in this Circuit,

> [a] bond hearing, which Petitioner is entitled to regardless, cannot cure the fact that he is detained while his conditional parole is still ongoing because it has not been properly terminated. Petitioner's . . . release is required to remedy the ongoing due process violation caused by Petitioner being detained while his conditional parole has not yet been terminated. The Court does not see how ordering another bond hearing would remedy a wrong that has been ongoing since the outset of Petitioner's re-detention.

*Singh v. Noem*, No. 26-cv-00427-KWR-KK, 2026 WL 766228, at *10 (D.N.M. Mar. 18, 2026). This view has been adopted by many courts across the country and in this

District. *See Singh v. Valdez*, No. 26-cv-01109-WJM, 2026 WL 890240, at *5 (D. Colo. Apr. 1, 2026) (ordering petitioner's immediate release where petitioner was previously released on parole); *Murzi v. Noem,* 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) (same).

Here, Petitioner was already released on his own recognizance. "The decision to release Petitioner pursuant to 8 U.S.C. § 1226, means that immigration officials have already determined that Petitioner is neither a flight risk nor a danger to the community." *Singh v. Baltazar*, 819 F. Supp. 3d 1247, 1251 (D. Colo. 2026). Accordingly, the Court will order Petitioner's immediate release.

Lastly, Petitioner requests attorney fees and costs. ECF No. 1 at 24. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the Petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED** as follows.

1) Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**; and

2) Respondents shall release Petitioner from custody immediately, but no later than within 24 hours of this Order, and may not impose any additional conditions of release or supervision not previously imposed by DHS in connection with Petitioner's Order of Release on Recognizance; and

3) Respondents shall file a status report within **TWO DAYS** of this order to certify compliance; and

4) Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.

Dated: June 25, 2026

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge